RUBERT HERMANOS, INC., Plaintiff and Appellant, *v.* ANTONIO HERNÁNDEZ, Defendant and Appellee.

No. 5784. Argued. November 12, 1931.—Decided July 29, 1932.

*Angel M. Torres* for appellant.   *M. B. Carrasquillo* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

This is an appeal where the appellee has filed no brief. This case and numbers 5785 and 5786 were heard together both in this Court and in the court below. In these unlawful detainer proceedings the evidence tended to show that the plaintiff is the owner of nine hundred acres of land; that each of the defendants with his own money has constructed a house on the land of the plaintiff, in which each lives with his family and has cultivated the land; that the administrators and representatives of the plaintiff had demanded that each of the defendants should leave the property. The plaintiff maintained that it did not authorize the defendants to construct the houses, but the latter insisted that such a permission was given them by the administrators or representatives of the plaintiff, and that the defendants had for years, as *arrimados*, occupied the pieces of land in question. In view of this evidence, the court said that the question was whether the houses were constructed in good or bad faith, which could not be decided in this proceeding, and felt itself bound by the decision of this Court in *Ermita de Nuestra Señora etc.* v. *Collazo,* 41 P.R.R. 594.

The appellant maintained that the building of these houses was never done with the permission of the owner; that acts merely tolerated give no rights; that the supposed permission given by the representatives of the plaintiff was not binding on the owner.

In this case, as in *Schuck* v. *Verdejo,* decided today, nobody questions the right of these defendants to remove their houses.

The appellant draws attention to the fact, as we have done in *Schuck* v. *Verdejo,* that in the *Ermita* case there was a recorded title to the house in which the defendant had lived for years.

Under any aspect, we think the defendants are occupying the land at will (*en precario*) and they were subject to be

removed at the election of the owner. In the absence of a specific permission, or even with it, no title arose in any of the defendants. In cases where we have thought that there was a conflict of titles there was something like a color of title in the defendant, which could not arise under the facts of this case.

Some of the reasoning in *Schuck* v. *Verdejo, supra,* is in other ways applicable.

The judgment should be reversed and another rendered in favor of the plaintiff.

The Chief Justice and Mr. Justice Hutchison concurred in the judgment.